IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BILLIE CAROLYN HILL                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:12-CV-00063-GHD-SAA

UNIVERSITY OF MISSISSIPPI                                                              DEFENDANT

### MEMORANDUM OPINION
### GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
### DENYING OTHER PENDING MOTIONS AS MOOT

Presently before the Court is Defendant's motion for summary judgment [57]. Upon due consideration, the Court finds that the motion is well taken and should be granted and that all other pending motions should be denied as moot.

*A. Factual and Procedural Background*

Plaintiff Billie Carolyn Hill ("Plaintiff"), an African-American female, brings this employment discrimination action against her former employer, Defendant the University of Mississippi ("Defendant"). The following facts are not in dispute: Plaintiff was the senior staff assistant in a department of the University of Mississippi known as the National Center for Physical Acoustics (the "Department"). In that position, she processed payment requests for travel and other expenditures for the Department. Plaintiff was the only African-American staff assistant in the Department. In January of 2012, Plaintiff filed an Ethics Point Report with Defendant's internal audit department wherein she complained about discriminatory treatment. Plaintiff subsequently filed an EEOC charge and was issued a right to sue letter. Plaintiff then commenced this suit against Defendant alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1981. Subsequently, Plaintiff was discharged from her job. Her notice of discharge stated that

1

all administrative staff in the Department were being discharged. Plaintiff filed another EEOC charge and was issued a right to sue letter on the new charge. After being granted leave to do so, Plaintiff amended her complaint to include the new retaliation charge.

Plaintiff alleges that prior to her date of termination she was the last African-American staff assistant in the Department. She asserts that she has been "subjected to discriminatory treatment in promotion, pay and fringe benefits, . . . to harassment, intimidation and a hostile work environment, to retaliation for reporting misuse of public funds, . . . to retaliation for her refusal to participate in schemes to misuse funds and to implied threats of discharge to discourage her from acquiring additional knowledge of, and from objecting to, the future misuse of funds, all in violation of law." Pl.'s Second Am. Compl. [36] at 1. Plaintiff seeks monetary damages and injunctive relief.

On July 18, 2013, Defendant filed a motion for summary judgment [57] on all claims. Plaintiff filed a response, and Defendant filed a reply. Then-Plaintiff's counsel filed a motion to withdraw as counsel for Plaintiff citing a breakdown in communication between Plaintiff and himself and a fundamental disagreement about the way the case should proceed. The undersigned entered an Order [86] granting the motion, allowing then-Plaintiff's counsel to withdraw from his representation of Plaintiff, and granting a continuance to allow Plaintiff time to find another attorney to represent her. On November 17, 2013, Plaintiff informed the Court and Defendant's counsel that she hired new counsel to represent her in this case. With this factual and procedural background in mind, the Court now turns to the summary judgment standard and then the merits of the present motion.

### *B. Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported

3

assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *C. Analysis and Discussion*

Where a race discrimination or retaliation claim is based on circumstantial evidence, as Plaintiff's race discrimination and retaliation claims are here, the *McDonnell Douglas* burden-shifting framework is used. *See McCoy v. City of Shreveport, La.*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam). First, Plaintiff must establish a prima facie case. *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (citing *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 142 (2000)). If Plaintiff has done so, Defendant bears the burden of setting forth a legitimate, non-discriminatory or non-retaliatory reason for its decision. *Id.* If Defendant does so, the presumption of discrimination or retaliation disappears, and Plaintiff must demonstrate a genuine dispute of material fact as to whether Defendant's reasons are not the true reasons but are instead a pretext for discrimination or retaliation. *Id.* (citing *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001)).[1]

Plaintiff specifically alleges the following facts in support of her claims: (1) When Plaintiff was due to be provided with new office space, her Department made her office space assignment subject to a vote of all her coworkers, "an un[]heard[-]of practice" that was not even

---

[1] The Court notes that in the Fifth Circuit the mixed-motive framework has not yet been extended to § 1981 claims, and it is unclear how far the United States Supreme Court's holding in *Gross v. FBL Financial Services, Inc.* has scaled back the extension of the mixed-motive application. *See generally Gross*, 557 U.S. 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009); *see also Crouch v. JC Penney Corp.*, 337 F. App'x 399, 402, n.1 (2009) (finding that *Gross* "raises the question of whether the mixed-motive framework is available to plaintiffs alleging discrimination outside of the Title VII framework"). The mixed-motive framework's applicability is further called into question by the decisions of other circuits that had previously addressed the question and found it inapposite in Section 1981 claims even prior to the Supreme Court's holding in *Gross*. *See Mabra v. United Food & Commercial Workers Local Union No. 1996*, 176 F.3d 1357, 1357 (11th Cir. 1999) (comparing the language of both statutes and determining an extension of the mixed-motive framework to § 1981 claim would be inappropriate); *Aquino v. Honda of Am., Inc.*, 158 F. App'x 667, 676 (6th Cir. 2005) ("Congress inserted the specific statutory provision [supporting the mixed-motive framework] only into Title VII . . . it did not amend [Section] 1981 in an analogous fashion").

4

done to a part-time Caucasian female in the Department, Pl.'s Second Am. Compl. [36] ¶ 7; (2) Plaintiff was reprimanded by a supervisor for not showing up for work on a Christmas holiday, despite the fact that another employee had already been scheduled to cover that day—"rude and intimidating" treatment that was not afforded to other Caucasian employees in the Department, *id.* ¶ 8; (3) Plaintiff filed an Ethics Point Report with Defendant's internal audit department complaining about discriminatory treatment, but Defendant failed to investigate her complaints, *id.* ¶ 9; (4) following the filing of her Ethics Point Report, Plaintiff was "tricked" by Defendant's Office of Equal Opportunity and Regulatory Compliance "into attending a 'meeting' which in fact was a mediation conference" for which "Plaintiff was completely unprepared while the Defendant's representatives were well prepared," an "ambush designed to set Plaintiff up for future termination," *id.* ¶ 10; (5) after the mediation conference, the executive director of the Office of Equal Opportunity and Regulatory Compliance "threatened the Plaintiff with a 'formal investigation' " in which "Plaintiff could be accused of a 'false charge' for which she could be discharged from employment" if she would not sign a proposed mediation agreement, *id.* ¶ 11; (6) Plaintiff's Department subsequently attempted to reassign Plaintiff "to perform other duties for which she was not trained" in order "to remove the Plaintiff from her position in which she would able to detect misuse of funds and to prevent such misuse and to set her up for discharge," but Plaintiff "refused to accept the re-assignment," *id.* ¶ 12; (7) the Department confronted Plaintiff about her flexible work hours that she had been keeping for the past six years and objected to those flexible hours, despite knowing that Plaintiff could not maintain a standard work schedule, and despite knowing that other Caucasian employees in the Department—specifically, her supervisor's secretary and Robert M. Waxler—were permitted to set their own flexible hours, *id.* ¶ 13; (8) Plaintiff was subjected to a hostile work environment because (a)

5

when she encountered one of her supervisors in the hall, "he [did] not speak to her and ignore[d] her presence," (b) her other supervisor "avoid[ed] any personal contact with her" by putting paperwork in Plaintiff's box instead of emailing or faxing her like he would other employees in the Department, and by not telling her when he was absent from the office, and (c) the head of the Department "refused to complete [Plaintiff's] required periodic job evaluation but . . . completed those of all others, *id.* ¶ 14; (15) Plaintiff was discriminated against in promotions, pay and fringe benefits, and pay raises for the last four years of her employment, receiving less than comparable employees because she presented a threat to her Department, *id.* ¶ 15; and (16) Plaintiff's written notice of discharge, which was entitled "Reduction in Force" and discharged the entire support staff (all Caucasians and Plaintiff), was pretext for race discrimination, *id.* ¶ 16.

Defendant maintains in its motion for summary judgment and accompanying brief that Plaintiff has failed to establish viable race discrimination and retaliation claims and presents the following arguments in support. First, Defendant argues that Plaintiff has failed to present evidence supporting her subjective belief that her request to move into the soon-to-be-vacant office was initially denied because she was African American. *See* Pl.'s Dep. [57-1] at 62. Second, Defendant argues that Plaintiff has failed to show that she was treated differently than a similarly situated Caucasian employee, Tiffany Gray, because Gray reported to a different supervisor than Plaintiff's and Plaintiff and Gray had different job responsibilities and titles (Plaintiff was senior staff assistant, while Gray was a project coordinator, *id.* at 40–41). Third, Defendant argues that based on the summary judgment evidence Plaintiff was allowed to move into the office she wanted after a slight delay. Fourth, Defendant argues that Plaintiff's complaint that her supervisor was rude to her on the telephone when he reprimanded her for not

showing up to work on a "Christmas Holiday," December 28, 2011, does not rise to the level of a cognizable Title VII discrimination claim. Fifth, Defendant argues that Plaintiff's claim that she did not get the pay raise she deserved because of her race is conclusory and fails when Plaintiff acknowledges that there was no one at the Department with a comparable position to whom she could be compared and also because Plaintiff admits she got a higher percentage raise than other people and other administrative staff in the Department. *See id.* at 73–83. Sixth, Defendant argues that Plaintiff's claim that her supervisor's act of contacting human resources to ensure that the Department complied with Defendant's policy concerning employees taking classes during work hours was racially discriminatory is baseless, as the summary judgment evidence supports that Plaintiff was not prevented from taking classes while she was employed at the Department. *See id.* at 157, 159. Seventh, Defendant argues that Plaintiff's allegations that she was subjected to a hostile work environment fail to establish a hostile work environment claim, as her sole allegations in this regard are as follows: (1) when she encountered a supervisor in the hall, he did not speak to her and ignored her presence; (2) her other supervisor avoided any personal contact with her by putting paperwork in Plaintiff's box instead of emailing or faxing her like he would other employees in the Department, and by not telling her when he was absent from the office; and (3) the head of the Department refused to complete Plaintiff's required periodic job evaluation but completed those of all others. Eighth, Defendant argues that Plaintiff's claim that she was retaliated against for her refusal to participate in financial irregularities is conclusory, unsupported by evidence, and further fails because Plaintiff has failed to establish a causal connection between her act of filing the EEOC charge and her termination. Ninth, Defendant argues that Plaintiff's disagreement with the wording in the mediation agreement does not rise to the level of an adverse action that caused her harm. Tenth,

Defendant argues that Plaintiff's claim that a supervisor retaliated against her by confronting Plaintiff about her flex time is a mere petty slight and as such is not actionable retaliatory conduct. Eleventh, Defendant argues that Plaintiff's claim that the choosing of her supervisor was discriminatory is conclusory and has no support in the record. Twelfth, Defendant argues that Plaintiff's claim that Defendant's articulated reason for her discharge was pretext for discrimination is baseless, as the summary judgment evidence shows that the Department was forced to cut administrative staff from the Department due to decreasing federal funding and resulting budget concerns. Finally, Defendant argues that Plaintiff's claims arising from her use of flex time, pay raises, taking of classes, and hostile work environment are barred because she has failed to exhaust her administrative remedies prior to filing this suit.

In response to Defendant's thorough arguments and record citations supporting dismissal, Plaintiff has filed a four-page response and identically worded supporting memorandum brief merely listing Plaintiff's claimed genuine disputes of material fact ("failure to assign promised office space," "dispute about holiday work schedule," "disparate pay," "disparate treatment [regarding] continuing education classes," "hostile work environment," "retaliation," and "discharge"), making bare cites to Plaintiff's attached exhibits, and offering this single argument: "There appears to exist a history of prejudice on Defendant's campus at Oxford against African Americans. That could be admissible in evidence. From that information[,] a jury could draw the conclusion that, given all other evidence, the Plaintiff, indeed, was a victim of racial discrimination." *See* Pl.'s Mem. Br. Resp. Opp'n to Def.'s MSJ [69] at 2, 3. She also fails to dispute Defendant's argument that her claims arising from her use of flex time, pay raises, taking of classes, and hostile work environment are barred for failure to exhaust administrative remedies. Plaintiff's attached exhibits include declarations of Plaintiff's former coworker and

supervisor parroting the allegations in Plaintiff's second amended complaint, as well as a report of an apparently unrelated incident that occurred on the campus of the University of Mississippi on November 6, 2012; Plaintiff makes no attempt to connect the event to the alleged incidents in this case.

"Conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence are insufficient to create genuine issue of material fact and will not defeat a motion for summary judgment." *Johnson v. Parkwood Behavioral Health Sys.*, --- F. App'x ----, 2014 WL 31471 (5th Cir. Jan. 6, 2014) (per curiam) (quoting *Milton v. Tex. Dep't of Criminal Justice*, 707 F.3d 570, 572 (5th Cir. 2013) (internal quotation marks omitted)); *see also Huff v. Neal*, --- F. App'x ----, 2014 WL 274500, at *4 (per curiam) (citing *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986)). As set forth below, Plaintiff has failed to raise a genuine dispute of material fact on any of her claims and thus her claims must be dismissed.

To make out a prima facie case of race discrimination under Title VII or § 1981, Plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position she held prior to the adverse employment action; (3) she was the subject of an adverse employment action; and (4) she was replaced by someone outside the protected class, or, in the case of disparate treatment, that others similarly situated were treated more favorably than she. *See Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 274 (5th Cir. 2013) (per curiam) (citing *Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011)). Plaintiff has failed to establish a prima facie case of race discrimination because she has not presented evidence that she was replaced by a Caucasian person or treated less favorably than Caucasian employees. Plaintiff alleges that she was subjected to treatment different than that of her Caucasian coworkers because she presents a threat to her Department, Pl.'s Second

9

Am. Compl. [36] ¶ 15, but she offers no evidence to support this allegation. Plaintiff's conclusory allegations do not support a race discrimination claim against Defendant. Further, Plaintiff has not demonstrated that there is a fact issue on whether the complained of conduct was sufficiently severe or pervasive to create a hostile work environment. No single alleged incident was severe enough to independently support a hostile work environment claim. Thus, Plaintiff has failed to establish a prima facie case of race discrimination under a hostile work environment theory or otherwise. *See Mendoza v. Helicopter*, --- F. App'x ----, 2013 WL 6225181, at *2 (5th Cir. Dec. 2, 2013).

To make out a prima facie case of retaliation under Title VII or § 1981, Plaintiff must show that (1) she engaged in a protected activity, (2) an adverse employment action occurred, and (3) there was a causal link between the protected activity and the adverse employment action. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir.) (internal citations omitted), *cert. denied*, 133 S. Ct. 136 (2012). Plaintiff has failed to establish a prima facie case of retaliation because she has not presented any causal relationship between her filing of her EEOC charge for race discrimination and her termination. It is undisputed that Plaintiff filed an EEOC charge for race discrimination and that she was terminated. However, Plaintiff offers no evidence to demonstrate that her termination was causally related to the filing of her EEOC charge. Plaintiff alleges that she was given a written notice of discharge that stated the entire support staff, including all Causasian staff members and Plaintiff, were being discharged, and that this act was pretext based on race discrimination. *See* Pl.'s Second Am. Compl. [36] ¶ 16. This is the sole allegation pertaining to her termination, and she offers no evidence in support of the allegation. Thus, Plaintiff has failed to establish a prima face case of retaliation.

However, even if the Court were to find that Plaintiff established a prima facie case of race discrimination or retaliation, she has not raised a genuine dispute of material fact regarding Defendant's legitimate, nondiscriminatory and nonretaliatory reason for her termination, specifically, the need to reduce the administrative staff within the Department due to decreasing federal funds. The record is devoid of evidence that would suggest that Defendant's termination of Plaintiff was motivated by any factor other than the need to downsize the Department. Plaintiff "has offered only general accusations, speculation, and her own subjective belief that she has been discriminated against. These types of assertions are inadequate to overcome summary judgment." *See Henry v. Cont'l Airlines*, 415 F. App'x 537, 540 (5th Cir. 2011) (per curiam) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc)); *see also Milton*, 707 F.3d at 572. Thus, Plaintiff has failed to raise a genuine dispute of material fact and Defendant is entitled to summary judgment on Plaintiff's claims.

### *D. Conclusion*

For all the foregoing reasons, Defendant's motion for summary judgment [57] is GRANTED; Plaintiff's claims are DISMISSED; and this case is CLOSED.

The following pending motions are DENIED AS MOOT: Defendant's motion to strike Plaintiff's designated expert report [59], Defendant's motion *in limine* concerning Incident Review Committee Public Report [76], Defendant's motion *in limine* concerning stricken allegations [77], Defendant's motion *in limine* concerning other litigation [78], Defendant's motion *in limine* concerning new allegations [79], and Defendant's motion *in limine* concerning allegations of misuse of funds [80].

An order in accordance with this opinion shall issue this day.

THIS, the 26th day of February, 2014.

/s/ Glen H. Davidson
_____
SENIOR JUDGE